# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

Christopher L. Coleman Sr.                )
                                          )
_____          )
**(Full name under which you were convicted)**  )
                                          )
B69093_____                    )     Docket No. $\underline{02-620-WDS}$
**(Prison Number)**                          )
                                          )     **(To be supplied by Clerk)**
Menard Correctional Center_____        )
**(Place of Confinement)**                   )

---

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2254
## BY A PERSON IN STATE CUSTODY

---

Christopher Coleman, **Petitioner**
**(Full name under which you were convicted)**

**vs.**

Warden Jonathan Walls, **Respondent**
**(Name of Warden, Superintendent, Jailor, or
authorized person having custody of petitioner),**

**and  (when applicable)**

**The Attorney General of the State of
Illinois_____.**

Rev 8/96

1

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN STATE CUSTODY

### INSTRUCTIONS---READ CAREFULLY

1.  If you are attacking a judgment which imposed a sentence to be served in the **future**, you must fill in the name of the state where the judgment was entered.  If you have a sentence to be served in the **future** under a federal judgment which you wish to attack, you should file a motion under Title 28, U.S.C. §2255, in the federal court which entered the judgment.

2.  **Readable** - The petition may be either typed or handwritten, but it must be readable.

3.  **One Conviction Per Form** - You can only challenge one criminal conviction in each petition.

4.  **Signed Under Penalty of Perjury** - The petition must be signed by you "under penalty of perjury".  Any false statement of a material fact may serve as a basis for prosecution and conviction for perjury.  Your signature does **not** have to be witnessed by a notary public.

5.  **Copies and Proper Court** - All questions must be answered.  When the petition is fully answered, the **original and two (2) copies** must be mailed to the Clerk of the United States District Court for the Southern District of Illinois, whose address is P.O. Box 249, East St. Louis, IL 62202-02491.

6.  **Exhaustion** - Before you can sue in federal court for habeas corpus relief, you must first raise every ground you have in State Court, either by direct appeal, state habeas, and/or post-conviction statutes, and appeal as high in the state court system as they will let you go.  If you have not done this, you should either do it now, before filing in federal court, or be prepared to explain on the form why you have not exhausted your state remedies.

7.  **All Grounds** - You must include all grounds for relief in this petition and the facts supporting each ground for relief.  If you fail to do so, you may be prevented from presenting additional grounds at a later date.

8.  **Legal Citations and Arguments** - No citations of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

9.  **Fee** - You must either (A) pay the filing fee of $5.00 or (B) if you do not have the money, you may request permission to proceed in forma pauperis, in which event you must complete and sign the motion and affidavit supplied by the clerk's office and have an authorized officer at the penal institution complete and sign the attached certificate.  You must also have an authorized officer attach a print-out of your prison trust account activity for the six months prior to the filing of your petition.

10. **Grounds Frequently Raised** - For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded

Rev. 8/96

by a letter is a separate ground for possible relief. **YOU MAY RAISE ANY ADDITIONAL GROUND(S). However, you should raise in this Petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.**

Do not check any of the listed grounds. If you select one or more of these grounds for relief or any other ground(s), you must allege **FACTS**. The Petition may be returned to you if you merely check the ground(s) listed below.

a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and consequences of the plea.

b)    Conviction obtained by used of coerced confession.

c)    Conviction obtained by use of evidence gained pursuant to an unlawful arrest.

d)    Conviction obtained by a violation of the privilege against self-incrimination.

e)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

f)    Conviction obtained by a violation of the protection against double jeopardy.

g)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

h)    Denial of effective assistance of counsel.

I)    Denial of right of appeal.


## PETITION

| 1. | Institutional Address: | Menard Correctional Center, P.O. Box 711 Menard, Illinois 62259 |

| 2. | Court: | Name and location of Court in which the conviction you are challenging was obtained: Tenth Judicial Circuit of Illinois Peoria County, Illinois 61602 |

| 3. | Judge(s): | Trial Judge Robert Barnes Sentencing Judge Robert Barnes |

Rev. 8/96                                   - 3 -

**4.**    **Date:**      What was the date of your conviction?  April 6,1995

**5.**    **Crime:**    a)    Of what crime(s) were you convicted?  Aggravated Criminal Sexual Assault,Home Invasion,Armed Robbery, Residential Burglary.

             b)    Were you sentenced on more than one count of an indictment, or on more than one indictment in the same court at the same time?
Yes (x)      No ( )

                If yes, explain:  Petitioner received 30yrs. for Armed Robbery, and 30yrs. for Aggravated Criminal Sexual Assault, sentences to be served consecutive.

**6.**    **Lawyer:**    Who was your lawyer?
             a)    At preliminary hearing  Public Defender, Thomas Penn Jr.

             b)    At arraignment and plea  Thomas Penn Jr.

             c)    At trial  Public Defender James Shadid

             d)    At sentencing  Ms. Marcia Straub

             e)    On direct appeal  Robert Agostinelli

             f)    In any post-conviction proceeding  (Retained) Ms. Marcia Straub

             g)    On appeal from any adverse ruling in a post-conviction proceedings  Edwin J. Anderson

**7.**    **Plea:**    a)    What your conviction a result of a guilty plea or plea of nolo contendere? (Check one)
___ Yes, guilty plea
___ Yes, nolo contendere
XX No

             b)    What was the date of your plea?  N/A .

             c)    If you pleaded guilty to one count or one indictment, and pleaded not guilty or nolo contendere to another, give details:  N/A

8. **Sentence:** What was your sentence? 30+30=60 Two 30yrs. sentences to be served consecutive.

9. **Trial:**

a) What kind of trial?
XXXXX Jury _____ Judge without a jury

b) Did you testify at the trial? XX Yes __ No

10. **Appeal(s):**

a) Did you appeal your criminal conviction? XX Yes __ No

b) If you did appeal, answer the following:

Name and location of Court to which you first appealed Appellate Court of Illinois Third Judicial District.
Date Notice of Appeal was filed August 4,1995
Result Affirmed conviction
Date of Opinion November 7,1997
Citation of court opinion (if known) do not know

Ground(s) raised on direct appeal Evidence was insufficient to convict petitioner of aggravated criminal sexual assault based on accomplice liability. Unreliable testimony resulting from a suggustive one-on-one confrontation,and petitioner pretrial motion to suppress identification testimony was improperly denied. The consecutive thirty year sentence imposed on the defendant were unfairly disparate to the co-defendant 12-15yrs.terms.
If you did not directly appeal, explain briefly why you did not N/A

c) Did you attempt to appeal the result to the highest state court having jurisdiction? XX Yes __ No

d) If you did attempt to appeal to the highest state court, attach a copy of the petition or motion you made, and answer the following (or attach a copy of the court's opinion or order):

Name and location of Court Illinois Supreme Court: Supreme Court Building Springfield, IL 62701
Date Petition for Leave to Appeal or Notice of Appeal was filed Dec.16,1997
Result denied leave to appeal.
Date of Opinion Feb. 4,1998

- 5 -

Rev 8/96

Citation of court opinion (if known)____Do not know_____

Ground(s) raised __Evidence was insufficient to convict petitioner of aggravated criminal sexual assault based on accomplice liability. Unreliable testimony resulting from a suggestive one-on-one confrontation,and petitioner pretrial motion to suppress identification testimony was improperly denied.__

If you did not appeal to the highest state court, explain briefly why you did not_____N/A_____

e)   Did you seek permission to file a late appeal? N/ Yes __ No

11.   **Post Conviction Collateral Proceeding(s):**

a)   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal:
XX Yes   __ No

b)   If yes, give the following information:

A.   First petition, application or motion.

1)   Name of Court___Tenth Judicial Circuit Court: Peoria County, Illinois__

2)   Date Filed_____August 17,1998__

3)   Nature of Proceeding___Post--Conviction Petition__

4)   Ground(s) Raised__Defendant was not advised that the jurors had questions during deliberations. The knowingly used false testimony. Denial of effective assistance of trial and appellate counsel. Trial counsel failer to impeach Bertha Miller. Appellate counsel for not raising these issues on direct appeal.__

5)   Did you receive an evidentiary hearing on your petition, application or motion? __
__ Yes  XX No

6)   Final Result_____ Dismissed on state motion._____

7)   Date of Final Result (Attach a copy of the court's opinion or order) May 27,1999

8)   If this petition, application, or motion was brought in a state court, did you appeal
the result to the highest state court having jurisdiction?
XX Yes   __ No

If you did appeal, give the name of the court where the appeal was filed, the result,
the case number, citation and date of the court's decision (or attach a copy of the
court's opinion or order) Illinois Supreme Court, denied leave
to appeal,No. 91615 June 29,2001.  Petitioner filed
a second Leave To Appeal on his own. It was not
accepted. (See exhibit-A) in the Appendix.

9)   If you did not appeal, briefly explain why you did not  This leave was done
by Appellate Defender Edwin J. Anderson, counsel
felt two of petitioner's original issue's out of
the leave to appeal to the courts.(See issue E)

B.   As to any second petition, application or motion, give the following information:

1)   Name of Court Tenth Judicial Circuit Court: Peoria
County, Illinois

2)   Date Filed _____ April 22,2002

3)   Nature of Proceeding_____ Second post-conviction petition

4)   Ground(s) Raised___ Ineffective assisitance of appellate
counsel for failure to raise his issues in his
Leave to Appeal.

5)   Did you receive an evidentiary hearing on your petition, application or motion?
__ Yes  XX No

6)  Final Result___ Dismissed as frivolous and patently without meri—

7)  Date of Final Result (Attach a copy of the court's opinion or order)_April 23, 2002

8)  If this petition, application, or motion was brought in state court, did you appeal the result to the highest state court having jurisdiction?
    XX  Yes  ___  No

    If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)____ This petition is still pending
    ___ in the Illinois Appellate Court. _____
    _____
    _____
    _____

9)  If you did not appeal, briefly explain why you did not___ N/A _____
    _____
    _____
    _____

C.  As to any third petition, application or motion, give the following information:

    1)  Name of Court_____N/A_____
        _____

    2)  Date Filed_____N/A_____

    3)  Nature of Proceeding_____N/A_____
        _____

    4)  Ground(s) Raised_____N/A_____
        _____
        _____
        _____
        _____
        _____
        _____

    5)  Did you receive an evidentiary hearing on your petition, application or motion?
        ___  Yes  N/ANo

    6)  Final Result_____N/A_____

    7)  Date of Final Result (Attach of copy of the court's opinion or order)___N/A_____

8)    If this petition, application, or motion was brought in state court, did you appeal the result to the highest state court having jurisdiction?
N/A Yes  __ No

If you did appeal, give the name of the court where the appeal was filed, the result, the case number, citation and date of the court's decision (or attach a copy of the court's opinion or order)_____N/A_____

_____

_____

_____

_____

9)    If you did not appeal, briefly explain why you did not_____N/A_____

_____

_____

_____

## 12.   Other Remedies:

Describe all other procedures, such as administrative remedies, that you have utilized.  List the dates when you sought each remedy, the result, and the date of that result _____N/A_____

_____

_____

_____

_____

_____

## 13.   Ground(s) for Federal Habeas Corpus:

State in the following paragraph(s) every ground or reason you claim your conviction is improper or unlawful.

A.    First Ground

1)    My conviction violates the constitution or laws of the United States because:_____
Petitioner contend that the show-up and one-on-one confrontation denied him of due process, violating his 5,14 amends to the U.S. Constitution.

The defendant was viewed by the witnesses in the police hallway before he was in any photo or in person line-up. CONTINUED.

2)    I have already raised this claim in state court.

Direct Appeal:          xxxYes  __ No

| | | |
|---|---|---|
| State Habeas Corpus: | __ Yes | __ No |
| State Supreme Court: | XX Yes | __ No |
| Other: | __ Yes | __ No |

Explain:

_____

_____

**B.**   <u>Second Ground</u>

1)   My conviction violates the constitution or laws of the United States because: _____
The State knowingly use false testimony to convict
the defendant, and in doing so violating the petitioner
14th Amend. U.S. Constitution due process.
The key witness Tequilla Miller testimony was false and
misleading that it was her idea to relook at the pictures.
(CONTINUED)

2)   I have already raised this claim in state court.

| | | |
|---|---|---|
| Direct Appeal: | __ Yes | __ No |
| State Habeas Corpus: | __ Yes | __ No |
| State Supreme Court: | __ Yes | __ No |
| Other: | XX Yes | __ No |

Explain: This issue was filed in my first post-conviction
but due to appellate counsel on appeal it was not put
in petitioner Leave to Appeal to the Illinois Supreme court.

**C.**   <u>Third Ground</u>

1)   My conviction violates the constitution or laws of the United States because: _____
The petitioner was denied a fair and public trial, when
the presiding judge communicated with the jury during
deliberation outside of petitioner and defense counsel
presence. 6,Amend. U.S.  Denial of effective assistance
for not advising petitioner of said questions.
(CONTINUED)

2)   I have already raised this claim in state court.

| | | |
|---|---|---|
| Direct Appeal: | __ Yes | __ No |
| State Habeas Corpus: | __ Yes | __ No |
| State Supreme Court: | .... Yes | __ No |
| Other: | XX Yes | __ No |

Explain:
This issue was raise in my first post-conviction
petition also, but due to appellate counsel on appeal it
was not put in petitioner Leave to Appeal to the Illinois
Supreme Court.

State Habeas Corpus:      __ Yes   __ No
State Supreme Court:      __ Yes   __ No
Other:                    __ Yes   __ No

Explain:

_____

_____

D.    Fourth Ground

1)    My conviction violates the constitution or laws of the United States because: _____
      The petitioner contend that his sentence is unconsti-
      tutional and violates his due process, notice,and trial
      by jury. 5,6,14th Amends U.S. Constitution.

      (CONTINUED)

2)    I have already raised this claim in state court.

      Direct Appeal:         __ Yes   __ No
      State Habeas Corpus:   __ Yes   __ No
      State Supreme Court:   XX Yes   __ No
      Other:                 XX Yes   __ No

Explain:
Supplemental brief on post-conviction appeal.

E.    Fifth Ground

1)    My conviction violates the constitution or laws of the United States because: _____
      Denial of effective assistance of appellate counsel.
      Counsel failed to raise petitioner original issues to
      the ILLINOIS Supreme Court. Appellate counsel filed peti-
      tioner Leave to Appeal, he did not preserve the perjury
      issue or the issue concering the judge communicating with
      the jury outside of the defense presence.   (CONTINUED)

2)    I have already raised this claim in state court.

      Direct Appeal:         __ Yes   __ No
      State Habeas Corpus:   __ Yes   __ No
      State Supreme Court:   __ Yes   __ No
      Other:                 XX Yes   __ No

Explain:
      I filed this issue in an excessive post-conviction.
The excessive post-conviction is still pending in the
Illinois Appellate Court.

State Habeas Corpus:   __ Yes  __ No
State Supreme Court:   __ Yes  __ No
Other:   __ Yes  __ No

Explain:

_____
_____

F.   Sixth Ground

1)   My conviction violates the constitution or laws of the United States because: _____
_The evidence was insufficient to convict the peti-
tioner of aggravated criminal sexual assault based on
accomplice liability.  This was a violation of defen-
dant 5,14 Amends to the U.S. Constitution due process,
equal protection of the law._
(CONTINUED)

2)   I have already raised this claim in state court.

Direct Appeal:   **xx** Yes  __ No
State Habeas Corpus:   __ Yes  __ No
State Supreme Court:   **XX** Yes  __ No
Other:   __ Yes  __ No

Explain:

_____
_____

1)   My conviction violates the constitution or laws of the United States because: _____
_____
_____
_____
_____
_____

2)   I have already raised this claim in state court.

Direct Appeal:   __ Yes  __ No
State Habeas Corpus:   __ Yes  __ No
State Supreme Court:   __ Yes  __ No
Other:   __ Yes  __ No

Explain:

_____
_____

14.     If any of the grounds listed in 13A, B, or C were not previously presented in any court, state or federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____ **N/A** _____

_____
_____
_____
_____
_____

15.     Do you have any petition or appeal now pending in court, either state or federal, regarding the conviction under attack? **X** Yes  ___ No

If yes, give the name of the Court and nature of proceeding: ___ Illinois Appellate Court
___ excessive Post-Conviction. _____
_____
_____
_____

16.     **Second or Successive Petitions:**

a)     Is this a second or successive petition? (Have you previously filed a habeas petition in federal court with respect to the judgment you are currently attacking?)  Yes ( )  No (x)

b)     If yes, have you attached a copy of an Order from a three-judge panel of the court of appeals authorizing this court to consider this petition?  Yes ( )  No ( )

NOTE: To file a second or successive petition with this court, you must first obtain an Order from a three-judge panel of the court of appeals that authorizes this court to consider this petition.  You must attach a copy of such an Order.

**Failure to attach a copy of such Order will result in automatic dismissal of this petition.**

c)     Does this second or successive habeas petition raise a claim that you have not presented in a previous petition(s)?  Yes ( )  No ( )

If no, answer the following:

(1)     Briefly explain the claim not raised in a previous petition_____ **N/A** _____

_____
_____
_____
_____
_____
_____

(2)     Does the new claim rest on new facts that could not have previously been discovered through the exercise of due diligence; and would the facts, if proven and viewed in light of the evidence as a whole, be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found you guilty of the underlying offense?  If yes, what are those facts?_____

_____N/A_____

_____

_____

_____

_____

_____

_____

(3)     Does the new claim rely on a new rule of constitutional law that was previously unavailable, and which was made retroactive to cases on collateral review by the United States Supreme Court?  If so, what is that rule?_____N/A_____

_____

_____

_____

_____

_____

_____

_____

_____


## FUTURE SENTENCE

Do you have any future sentence to serve after you complete the sentence imposed by the conviction under attack?  __ Yes   _X_ No

a)      If yes, give name and location of court which imposed sentence to be served in the future:___
_____N/A_____

b)      Give date and length of sentence to be served in the future:___N/A_____
_____

c)      Have you filed, or do you contemplate filing, any petition attacking the conviction which imposed the sentence to be served in the future?  __ Yes   __ No

## REQUEST FOR RELIEF

State here exactly what you want to the court to do:

Petitioner will accept whatever relief this Honorable Court feel is necessary. Petitioner request that his conviction be reversed and remanded, and his conviction for aggravated criminal sexual assault based on accountability be reversed.

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, certify to the best of my knowledge, information, and belief, that this petition is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure.   The undersigned also recognizes that failure to comply with Rule 11(a) and (b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

Signed this _13_ day of _June_, _2002_.

_____
Signature of Petitioner

_____
(Signature of lawyer, if any)

"OFFICIAL SEAL"
Patricia Luers
Notary Public, State of Illinois
My Commission Exp. 12/15/2004

Rev 2/97                                    - 13 -

# C O N T I N U A T I O N   O F

# P E T I T I O N E R ' S   C L A I M S

(A)      Petitioner contend that the improper employment of a
one-on-one show-up was highly suggestive and unconstitutional.
The morning of the crime the petitioner was arrested at his girl-
friend's friend apartment.(R285-286) He was then taken to the police
station by himself to be question by the police. Co-defendant
Robert Nixon was arrested at the scene of the crime(R277) and was
identified immediately by the Miller's family outside their home.(R156)
It's no mistake that Robert Nixon was involved in the crime. The
petitioner and the co-defendant was arrested separately at different
places and at different times.

      The identifying witness Tequilla Miller testified that when
she and her family where leaving the police station, two people
exsorted by police officer walked by them.(R17) She further testified
that the two people she saw was Fats and Bologna face(R18). ( Fats
is the nickname of the petitioner and Bologna face is the co-defendant
nickname)(R299). The police was improper for allowing the Millers
to see the petitioner in the present of an previously identified
suspect. At that moment the petitioner became the sole suspect be-
cause the Millers had known of the petitioner. The millers knew
that suspects had gotten away before the police arrive to the scene.

      Petitioner contend that the identification of him was due
to the improper suggestiveness. When looking at the record of
proceeding it is clear that Tequilla Miller recollection of the crime
was not the basis of her identification.

A1

Tequilla Miller testified that she knew the petitioner for 5-6 years on speaking terms but had known of him for an even longer period of time.(R26) She further testified her god sister had a baby by petitioner brother,(R26) Moreover, she testified that she viewed the petitioner for three minutes with his mask off.(R75) In light of all this evidence, Tequilla Miller testified that she could not give the petitioner name or nickname to the police.(R125) Tequilla Miller excuse was "I forgot his name"(R129)At petitioner suppression hearing Tequilla Miller testified that she learned of the petitioner name when she saw pictures down at the police station the next morning(R18). Three week later she testified to the grand jury and she still didn't give the petitioner  name, even though she was asked specifically "did you recognize any of this people". Tequilla miller answer was, "one of them I did his name, Robert Nickerson, they call him "Bologna face".(Grand Jury pg.14-15) Tequilla Miller testified at petitioner trial that the petitioner **was** the only person she recognized.(R74)

The petitioner was describe as the ringleader in this crime by the key witness Tequilla Miller.(R79,102) Tequilla Miller said the petitioner set in a chair down stair and took his mask off and gave out order to the others,(R79) thus allowing her to identify the petitioner. Tequilla Miller never at anytime mention or stated this in her original statement to the police and she didn't testify to this scenario at the grand jury proceedings.(Gand Jury pg.13-15) If this is to be believed then this was the origin of her identi-fication. Petitioner contend it is impossible for Tequilla Miller to leave out all of the essential details that she testified to at trial to the police and the grand jury.

A2

The degree of attention by the identifying witness was extremely poor given the fact that, she know of the petitioner on speaking terms but failed to give his name or nickname to the police after supposedly looking him in the face for a full three minutes.(R75) She didn't describe the origin details that lead to her identification of the petitioner.

The witness level of certainty was poor also, she miss identified two people in this case and changed her testimony from proceeding to proceedings. Only after the show-up, she gave a description of the defendant.

Myra Lott testified that, she was blindfolded with a blanket throughout the whole ordeal(R54,68), she further testified that they put Tequilla on top of me.(R57).

During Tequilla Miller cross examination she testified that she could see miss Lott head and face and that there were no blankets at all around miss Lott head.(R90) Co-defendant Robert Nixon testified that he had wrapped blankets around the heads of the two people in the livingroom.(R276) This example demonstrate a lack of attention. Tequilla was on top of miss Lott and still didn't recognize miss Lott head completely wrap with a blanket.

Petitioner contend that the circumstances of the confrontation in the police hallway was deliberately staged. First point to be made is this... Why did the police bring Robert Nixon anywhere near the petitioner? They knew the effect that would have on the Millers. Nothing whatsoever, link the petitioner to this crime but once the Millers saw the petitioner with Mr. Nixon as if they were together, the petitioner was a suspect. There can't be any other reason the police did that.

A3

There is a dangerous degree of suggestion by association where a suspected accomplice is viewed together with a person previously identified by the viewers as a perpetrator of a crime.

In the case at bar, the suggestive influence lead to an misidentification.  The petitioner was in police custody before he was implicated by co-defendant Anthony Brooks or his picture pick out by Tequilla Miller. Therefore the viewing in the hallway was highly suggestive. After the stage show-up the police compounded the suggestiveness by the remarks during the photo line-up and in-person line-up.

Tequilla Miller testified that the police told her that the two people she saw last night in the hallway was in the book of photo's, and once the two were pick out of the book they said, "well we picked them up last night.(R20) She also testified that the police informed her that the participants in the line-up was volunteers.(R21) Later on during the in-person line-up, she testified that the police told her, "go in there and just pick out the person you saw in the photo's."(R21)

Petitioner contend this is where Tequilla Miller identification stems from. Her independant recollection of this event is what lead to her identification of the petitioner. Looking at her false testimony and unreliable identification testimony, it is clear that a mistaken idenity happen.

Shandra Dunn testified she and the petitioner were together on the night in question and between 10:30p.m. and 3:00a.m.(R288) Tamiki Young then testified she saw the petitioner at about 11:15 p.m. with Shandra Dunn(R292)

A4

She left the apartment and returned at about 12:15 a.m. and stayed the remainder of the night (R292).

The petitioner then assumed the stand in his own defense (R295 et seq.). Petitioner denied participation in the offense and stated until he was awakened by police  he was at all times in the company of his girlfriend (R296-300).

The co-defendant Robert Nixon testified, the petitioner was never present at the crime scene (R272).

The co-defendant James Coates testified, the petitioner did not participate in this crime during the petitioner's post-trial motion. (R377-379).

The co-defendant Anthony Brooks testified the only reason he originally identified the petitioner as being with him at the scene was because of threats he received from Detective Rabe (R249). Anthony Brooks was only twelve years old at this time too.

The police officer Walter Jatkowski testified he was assigned to the police crime lab  (R207). He further testified  that none of the items from the crime scene matched the defendant (r231).

Enclosing, Tequilla Miller testimony should not be a linchpin that causes the petitioner to be convicted of a crime. She continuously proved herslf to be unreliable and the show-up was the origin of her identification.

A5

## C O N T I N U A T I O N   O F

## P E T I T I O N E R ' S   C L A I M S

**(B)**       In an effort to rehabilitate Tequilla Miller's credibility
as a witness, after it had been demonstrated that she had mis-
identified other suspects, the State called her as a rebuttal
witness to explain how she had come to correct one of her mis-
identification. In addition to the defendant, Tequilla Miller
had identified a man named Albert Nickerson has having been
involved in the incident.(R102-06) She later reexamined photo-
graphs of suspects and said Nickerson had not been involved.(R107,
315-21) As a rebuttal witness, she testified that because of her
uncertainty, she had wanted to see Nickerson's picture again.
She claim that the decision to review the pictures had been hers
and had asked the Assistant State's Attorney to let her see the
picture.(R316-17,321) She testified that she had wanted to make
sure she was right.(R318) She denied that the Assistant State's
Attorney had asked her to review the pictures again.(R321-22)

      At the hearing on post-trial motion, trial counsel Shadid
testified that he had been present when Tequilla Miller reviewed
the photographs in the Assistant State's Attorney office.
Nickerson's attorney had also been there.(R403-04) According to
Shadid, Nickson's attorney had suggested that Tequilla Miller re-
view the photographs again.(R404)

      Tequilla Miller's identification of the defendant was not
the strongest, but she strengthened her credibility as a witness
when she testified that she had taken it upon herself to review

a photograph to resolve doubts she had about an misidentifi-
cation she had made. It made it appear all the more certain
that she had named the right person, the defendant, as a
suspect. But her rebuttal testimony was false, and the State's
Attorney did nothing to correct it, furthermore the State had
full knowledge of the falsity.

The first thing the petitioner will point out is the re-
viewing of the photograph took place in the State's Attorney
Office therefore he knew. Secondly, the defense attorney knew
the witness wasn't telling the truth, he tried to impeach her
serval times.(R315,320-321) With this thorough cross-examination
and defense counsel testimony it is clear the witness was lying
and counsel knew it. Because the morning of trial the defense
attorney's Shadid and Mark Rose told the petitioner and Albert
Nickerson the co-defendant in the bullpin that they was going to
ask the State's Attorney to have Tequilla Miller re-look at pho-
to's of petitioner and the co-defendant Albert Nickerson, that
is why both attorneys was present in the State's Attorney office
during  the reviewing of the pictures.

Furthermore, when looking at Tequilla Miller's testimony in
it intirety the accumulative factor is warrented. Tequilla Miller
testimony is full of perjurous statements. Tequilla give a state-
to the police, she said"that the suspects took them up-stair
and that is when they took off their scarf." She went to the grand
jury and testified to the statement she made to the police men-
tioned above. During petitioner suppression hearing her testimony
changed. She testified that petitioner set in a chair down stairs
and removed his mask.(R73-74) This added element is significant to

B2

her testimony. It is only logical to believe what she testified to first to the grand jury and what she told the police, then something added eight months later.

Tequilla Miller testified that the petitioner was the only person she recognized in her house at petitioner trial.(R74) But she testified at the grand jury that, she only recognized one individual and it was Robert Nickerson.(Grand Jury pg.14-15) There was a Robert Nixon and a Albert Nickerson identified by Tequilla Miller in this incident, which ever one of theses individuals she meant it wasn't the petitioner. She further testified that, she didn't give petitioner name to the grand jury because she forgot his name.(R125-129) But she testified that she learned of petitioner name the morning after when she saw pictures down at the police station the next day.(R18)

One thing is clear, the prosecutor coached Tequilla Miller with her testimony. Tequilla Miller testified that, the prosecutor had called her to talk over some confusion about testimony, something.(R315) To pin point the confusion would be speculation, but one thing for certain, the prosecutor allowed this witness to take the stand and lie repeatedly to obtain a conviction.

# C O N T I N U A T I O N   O F
## P E T I T I O N E R ' S   C L A I M S

**(C)**      In this case, during deliberations, the jury sent out
three notes to the judge. The defendant's petition, supported by
affidavit, indicates that he had been unaware of any questions
from the jury until the jury returned its verdict and that he
had not been given an opportunity to take part in deciding how
to respond to the questions.(R.C215-16; S6,8) The jury's ques-
tions involved the following:(1) clarification of the definition
of legal responsibility in the accountability instruction (I.P.I,
Criminal No.5.03) (R.C86,100). (2) whether the jury had to con-
vict the defendant of all charges if the jury found the defendant
had been present in the home(R.C87); and (3) what would occur if
the jury could not reach a verdict on one of the charges.(R.C88)
The judge noted, on the record, that he had received the second
question, had marked it Court's Exhibit No.1, and had answered
it after consulting with counsel.(R358) That question was answered.
(R.C87) The judge also answered the other two questions, including
providing additional definition of the word "furtherance" with
regard to accountability.(R.C86) There is no indication in the
record that the defendant were aware of any of theses questions
and there is no indication that defense counsel were aware of
the other two question and judicial responses.

   The ex parte communications which occurred here cannot be
shown to have been harmless beyond a reasonable doubt. The defen-
dant was accused of armed robbery,residential burglary, home
invasion and aggravated criminal sexual assault.(R.C1-4)

The State's evidence, though weak, suggested that the defendant had actively participated in the entry of the home and the armed robbery within it, and thus was directly involved in the armed robbery, residential burglary, and home invasion, but that he had, at most, only been accountable for the sexual assault(James Coates was identified as the rapist(R.C104;R474-76).

It is likely, given the jury's question, that the sexual assault verdict was the one which could not be resolved. It is likely that the jury was considering the aggravated criminal sexual assault charge when it requested clarification of legal responsibility. This was, then, a crucial matter for the petitioner, who is serving a consecutive thirty-year sentence of imprisonment for the aggravated criminal sexual assault conviction.

The court's communication with the jury deprived the defendant of the opportunity to be aware of what was occurring and to take part in the decision of how to respond to the questions. The purpose of the defendant's right to be present at all critical stages is to allow the defendant to know what is being done, to make objections, and to take actions which he feels are best to secure his rights and for his protection and defense.

This was a serious violation and the Illinois Appellate Court did not think so.

C2.          DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL:

Trial counsel was ineffective for not informing the defendant of the question that he had knowledge of. There was no

reason why counsel could not have informed the defendant. At all times the defendant was present at the courthouse in the bullpin next to the courtroom.

Trial counsel was ineffective and petitioner was denied a fair and public trial.

## CONTINUATION OF
## PETITIONER'S CLAIMS

**(D)**     The defendant was sentenced to mandatorily consecutive sentences of imprisonment under 730 ILCS 5/5-8-4(a)(West1997) (Section 5-8-4(a) following his conviction for the crimes of aggravated criminal sexual assault and armed robbery. Because mandatory consecutive sentenes under Section 5-8-4(a) have been determined to violate the United States Constitution, the defendant respectfully requests that This Honorable Court vacate the order requiring his sentences to be served consecutively and modify the sentences to be served concurrently.

In _Apprendi V. New Jersey_, the United States Supreme Court held that the constitution requires that any fact that increases the prescribed range of penalties, other than the fact of the prior conviction, must be submitted to the jury and proven beyond a reasonable doubt. Here, the trial imposed consecutive sentence based on findings pursuant to Section 5-8-4(a) of the Ccde of Corrections. The defendant sentences must be modify, because the fact that increase the applicable range of penalties were not pled in the charging instrument and submitted to the jury to be proved beyond a reasonable doubt.

In _Apprendi_, the Supreme Court invalidated a New Jersey statute that permitted a sentencing judge to enhance the sentence beyond the prescribed maximum if the judge found, by the preponderance of the evidence, that the offense was committed with a biased purpose. The court reasoned that, although courts

D1

have discretion in imposing sentence, that discretion is limited to choosing a sentence within the range prescribed for the particular offense. A legislative scheme that removes from the jury the determination of a fact that, if found, increases the range of penalties beyond that dictated by the facts reflected in the jury verdict alone, violates the defendant's rights to due process, notice, and trial by jury.

In the defendant's case, the trial court determined that consecutive sentences were required under 730 ILCS 5/5-8-4(a) which mandates consecutive sentences for offenses that were committed as part of a single course of conduct and the defendant was convicted of aggravated criminal sexual assault.(R475,478)

Section 5-8-4(a) does not include the requirement that any of the facts which mandate consecutive sentences (single course of conduct) be pled or proved beyond a reasonable doubt to a jury. Nor does Section 5-8-4(b) provide for such procedures where consecutive sentencs are imposed. Because the defendant's sentences were based on statutory provisions that run afoul of the constitutional rule articulated in Apprendi, the sentences must be modified.

The fact that Apprendi, was not decided until after the defendant's direct appeal proceedings had been concluded does not pose any impediment to the challenge to the statute. Ordinarily, new constitutional rules of criminal procedure apply only to those cases pending on direct appeal at the time of the Supreme Court's decision. But a new rule, however, will be applied retroactively on collateral review where the rule affects those

procedures which alter the understanding of bedrock procedural elements essential to the fairness and accuraccy of criminal proceedings, without which the likelihood or an accurate convic-tion is seriously diminishe**d.**

The Illinois Appellate Court held that the consecutive sentences imposed on the defendant had beem discretionary consecutive sentences imposed under Section 5-8-4(b).730ILCS 5/5-8-4(b)(West 1994). The Court stated that, despite the prosecutor's statement that the sentences would be mandatorily consecutive and the sentencing judge failure to state that discretionary consecutive sentence were necessary to protect the public, the circumstances of the offense and the judge's comments indicated that mandatory consecutive sentences could not be applied and that the court was imposing discretionary consecutive sentences.

In reaching these determinations, the Appellate court has missapprehended the record. Section 5-8-4(b) offends the princi-ples set forth in Apprendi V. New Jersey, it does not provide for notice to the defendant that consecutive sentencing may be imposed and requires the sentencing judge to make finding of fact, but does not require those finding to be made beyond a reasonable doubt.

## C O N T I N U A T I O N   O F
## P E T I T I O N E R ' S   C L A I M S

**(E)**        Petitioner retained counsel to file a post-conviction petition. The petition was dismissed wirhout an evidentiary hearing. A timely notice of appeal was filed. The Defendant was appointed an appellate defender from the Fifth District of the Appellate Defender office, Edwin J. Anderson was the appointee.

Mr. Anderson filed the following issues to the Appellate Court. " The trial court erred when it dismissed Defendant Post-conviction petition without conducting an evidentiary hearing on his claim where the Defendant made a substantial showing that his right to effective assistance of counsel and his right to parti-cipate in person in the trial proceedings had been denied." Also he argued the claim of "State knowingly used false testimony."

Edwin J. Anderson also filed a supplemental brief asking the court to modify Defendant consecutive sentence under the new ruling **Apprendi V. New Jersey**, both brief were denied.

At this moment instead of withdrawing from Defendant case Appellate Defender Edwin J. Anderson wrote Defendant a letter in which he disagreed with the courts decision, and stated that he was going to file a rehearing.(See exhibit-A) The rehearing was d denied. Defendant then received another letter from Edwin J. Anderson stating he was going to file aLeave to appeal to the Illinois Supreme Court.(See exhibit-B) The leave to appeal was filed, but it was a misrepresentation of the Defendant. The only issue raised was the supplemental issue **Apprendi v. New Jersey**, there was no reason why Mr. Anderson should have not risen the original issues that he had raised on appeal to the Appellate

E1

Court.

Petitioner was informed by institutional Law Supervisor that his issue's of perjury and right to a fair and public trial were not preserved for federal review. Petitioner immediately filed a late leave to appeal.(See exhibit-D) The law would not allow a second leave to appeal. Petitioner then filed a excessive post-conviction with this same issue for review.

If it Pleases this Honorable Court: Petitioner ask, can you accept the petitioner due diligent effort to exhaust all state remedies concerning his issues, or allow the state court to rule first before addressing petitioner petition.

<u>C O N T I N U A T I O N   O F</u>

<u>P E T I T I O N E R ' S   C L A I M S</u>

**(F)**     The evidence will show that the suspect the witnesses
alleged the defendant to be did not participate in the sexual
assault, and he had no knowledge or intent of the sexual assault,
and the sexual assault happen in a closed bathroom, and in a
location in the home where the defendant could not have known of
it, and the defendant left the  home before the sexual assault
happened, and the sexual assault was committed by James Coates
and nobody else participated.

    First you have the testimony of Tequilla Miller. Tequilla
Miller was the State's key witness and she was the identifying
witness. She testified that, on the morning of August 22,1994
she heard noises and jump up and ran into the livingroom.(R70)
She further testified that she was frisk and then threw on the
floor, then the suspects tried to put a pillow over her head.(R70)
She testified that the defendant and another man removed there
mask once they were informed that nobody was coming.(R73-74) She
continued to testify that after she saw the defendant take his
mask off his face "the little boy came back in and said "5-0",
then the defendant and the light skin dude ran out the front-door.
(R76) On cross examination Tequilla Miller said, from the time
she jump up and ran into the livingroom, she described the whole
incident lasted about 30 minutes.(R86) She further testified the
little boy had ran out the front-door with the defendant and the
other man.(R93) She testified that this happen before the police
knock on the door.(R95)

Now you have the testimony of Myra Lott. Miss Lott testified that all of the suspects were still in the house when the police knock on the front-door.(R58-59) But miss Lott also testified that she was blindfolded through out the whole ordeal, until the suspects made them go up-stairs.(R66-68)

Now you have officer Gaffney. Officer Gaffney testified that the first thing they did on arrival, he coverd the back-door and the other officer coverd the front.(R138) He further testified that he did not have to look for the address, he went directly to 1540 W. Millman.(R140)

Now you have the rape victim, Tekelia Miller. Miss Miller testified that she was taking to her mother's room and then she waa taking to a bathroom through a door from her mothers room and the suspect closed the door behind her.(R   169-70) He demanded her to remove her cloths. She further testified that the little boy knock on the bathroom door and said the police is out there. (R170) Then the rapist got up.

I would like for the court to have an accurate depiction of the house. First, Myra Lott gives a complete description of the house from front to back.(R52) Secondly, Tequilla Miller testify to the People's Exhibit No.2,3,4,6,7, which is area's in the house.(R82-84) Through this evidence you can see that the bath-room is in the back of the house.(R52)

The circumstance surrounding the crime shows that Coates rape was inconsistent with the motivation of the other's. The defendant did not participate in the act, and when looking at Tequilla Miller's testimony of where the alleged defendant was

F2

present. It is clear he did not have knowledge of Coates assaulting Tekelia Miller in the bathroom in the back of the house. Tequilla Miller said the defendant stayed in the livingroom, in her presents the last 30 minutes until he left. When looking at the testimony of Tekelia Miller, she had to be mistaken about the little boy informing the rapist that the police was out there. She could not have known who was on the other side of that door. Plus Tequilla Miller testified that the little boy had felt out the front-door with the defendant and the other man. Myra Lott testimony is unbelievable, she could not see anything, it would be impossible for miss Lott to know who stayed or who left the home. Also officer Gaffney testimony support my contingence. He testified that one suspect eluded capture after his arrival. (R136 ) If all the suspects were still in the home it should have been more people arrested on the spot or the officer would have seen many more people running from the home. So whoever that was that informed Coates that the police was there, at that moment he was raping her...Only then as Tekelia testified to, " Then he got up ".(R170) If a person is accountable for the conduct of another, he remains so until he detaches himself from the criminal enterprise. S.H.A. Ch 38  5-2 (c). It should not matter if the defendant left five hours before the act or five minutes especially if he hasn't posses the intent to promote or facilitate the crime. In the case at bar, the Illinois law doesn't apply to the defendant.

Under "Common Design Rule" certain elements must be proven and to diapprove of a crime you must have knowledge that the crime is being committed, also to report a crime as well.

F3

The petitioner is convicted as an accessory to an aggravated criminal sexual assault, based on accomplice liability. The charge was never proven beyond a reasonable doubt. The charges was drop against James Coates even though it was establish that he was identified to have been the rapist in this case.

A defendant can be prosecuted as an accessory, but in every case that I have read, one of the following has happen, the principle is unknown,or he is acquitted,or he plea to a less charge of his actions,or he cooperate with the prosecution. In the case at bar, the principle did neither. Coates later testified that the petitioner was not involved in this crime.(R Post trial motion 1-7) Furthermore, it is unethical for the State to seek a conviction of the accomplice for exercising his right to trial, when they drop the charges on the actual perpetrator.

F4

**A P P E N D I X**



# SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 NO. LASALLE ST
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-1333

April 8, 2002

Mr. Christopher Coleman
Reg. No. B-69093
P. O. Box 711
Menard, IL  62259

     Re:    People State of Illinois, appellee, v. Christopher Coleman, appellant.
              Appellate Court, Third District, No. 3-99-0414.

Dear Mr. Coleman:

    This will acknowledge receipt of your late petition for leave to appeal to the Illinois Supreme Court in the above-referenced matter on April 8, 2002.

    A petition for leave to appeal was filed in this Court on your behalf by your attorney, Assistant State Appellate Defender Edwin J. Anderson, from the above-captioned appellate court disposition.  The petition was filed on May 30, 2001, docketed as Supreme Court No. 91615, and was denied by the Court on June 29, 2001.

    There is no provision in the Supreme Court Rules for a party to file a second petition for leave to appeal from the same appellate court disposition.  Therefore, we are returning your petition to you with this letter.

                    Very truly yours,

                    *Juleann Hornyak*

                    Clerk of the Supreme Court

JH/jak
Enclosure

**ILLINOIS SUPREME COURT**
**JULEANN HORNYAK, CLERK**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

84591

RECEIVED

JUN 1 9 2000

Office of the State Appellate Defender
*FIFTH DISTRICT*
MT. VERNON, ILLINOIS

February 4, 1998

Mr. Christopher Lamont Coleman
Reg. No. B-69093
P.O. Box 711
Menard, IL 62259

No.  84591 - People State of Illinois, respondent, v.
        Christopher Lamont Coleman, petitioner.  Leave to
        appeal, Appellate Court, Third District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on February 26, 1998.

Printed on Recycled Paper

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

91615

June 29, 2001



Mr. Edwin J. Anderson
Asst. State Appellate Defender
Route 15 East, P. O. Box 2430
Mt. Vernon, IL 62864


No.  91615 - People State of Illinois, respondent, v.
       Christopher Coleman, petitioner.  Leave to appeal,
       Appellate Court, Third District.


     The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.


     The mandate of this Court will issue to the Appellate Court

on July 23, 2001.